Juan Esverildo Gramajo VASQUEZ;
Juan Carlos Gramajo Chavez,
Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 12–71115.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2014.*

Filed Jan. 23, 2014.

Jeremiah Johnson, Johnson &
McDermed, LLP, San Francisco, CA, for
Petitioners.

Anthony John Messuri, Esquire, Trial,
Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the
Chief Counsel Department of Homeland
Security, San Francisco, CA, for Respondent.

Before: CANBY, SILVERMAN, and
PAEZ, Circuit Judges.

MEMORANDUM **

Juan Esverildo Gramajo Vasquez and
Juan Carlos Gramajo Chavez, natives and
citizens of Guatemala, petition for review
of the Board of Immigration Appeals'
("BIA") order dismissing their appeal from
an immigration judge's decision denying
their applications for asylum, withholding
of removal, and relief under the Convention Against Torture ("CAT"). We have
jurisdiction under 8 U.S.C. § 1252. We

review for substantial evidence factual
findings. *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003). We
deny the petition for review.

The record does not compel the conclusion that the harm Gramajo Vasquez suffered or fears in Guatemala was or will be
on account of his imputed political opinion.
*See Sangha v. INS,* 103 F.3d 1482, 1489–91
(9th Cir.1997); *INS v. Elias–Zacarias,* 502
U.S. 478, 481 n. 1, 112 S.Ct. 812, 117
L.Ed.2d 38 (1992) ("[t]o reverse the BIA
finding we must find that the evidence not
only *supports* that conclusion, but *compels*
it") (emphasis in original). In the absence
of past persecution, Gramajo Vasquez's humanitarian asylum claim necessarily fails.
*See* 8 C.F.R. § 1208.13(b)(1)(iii).

In addition, substantial evidence supports the agency's finding that even if
Gramajo Vasquez established past persecution, the government rebutted his
presumption of future persecution by
establishing changed circumstances in
Guatemala. *See Gonzalez–Hernandez,*
336 F.3d at 998–1001. The agency provided a sufficiently individualized analysis of Gramajo Vasquez's future fear
and did not err in relying on a State
Department report. *See id.* (individualized analysis of changed conditions in
Guatemala rebutted presumption of wellfounded fear based on political opinion);
*Molina–Estrada v. INS,* 293 F.3d 1089,
1096 (9th Cir.2002) ("Even in the face
of a presumption of future persecution,
a State Department report is relevant."). Accordingly, Gramajo Vasquez's
asylum claim fails.

Because Gramajo Vasquez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Gonzalez–Hernandez,* 336 F.3d at 1001 n. 5.

Turning to Gramajo Chavez's claims, substantial evidence supports the agency's finding that even if Gramajo Chavez established past persecution, the government rebutted his presumption of a well-founded fear of future persecution by establishing changed circumstances in Guatemala. *See id.* at 998–1001. Accordingly, Gramajo Chavez's asylum claim fails.

Because Gramajo Chavez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1001 n. 5.

Finally, petitioners did not challenge the agency's denial of their CAT claims. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.